### FRICK et al. v. WEBB, Atty. Gen., et al.

(District Court, N. D. California, S. D. May 23, 1922.)

No. 694.

1. Aliens ☞10—Ownership of stock in land corporation is "ownership of interest in land."

Ownership by a Japanese subject, who is ineligible to citizenship, of stock in a farm corporation, which owned agricultural land, *held* "ownership of an interest in the land," within Alien Land Law, Cal. 1920, § 2, and such interest *held* subject to escheat, through proceedings under sections 7 and 8 of the law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ownership.]

2. Aliens ☞10, 13—California Alien Land Law held constitutional and valid.

California Alien Land Law of 1920, prohibiting ownership of land in the state by any alien not eligible to citizenship, except to the extent and for the purpose prescribed in any treaty between the United States and the nation of which such alien is a citizen or subject, *held* not in violation of the Constitution of the United States, or of the treaty between Japan and the United States.

In Equity. Suit by Raymond L. Frick and N. Satow against U. S. Webb, as Attorney General of the State of California, and another. On motion for preliminary injunction. Denied.

Albert H. Elliot and Guy C. Calden, both of San Francisco, Cal., for plaintiffs.

U. S. Webb, Atty. Gen., of California, and Frank English, Deputy Atty. Gen., of California, for defendants.

Before MORROW, Circuit Judge, and DOOLING and SAWTELLE, District Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MORROW, Circuit Judge.   The California Alien Land Law of 1920 (Statutes of California 1921, p. lxxxiii) provides in section 2:

"All aliens other than those mentioned in section 1 of this act [that is to say, all aliens ineligible to citizenship] may acquire, possess, enjoy and transfer real property, or any interest therein, in this state, in the manner and to the extent and for the purpose prescribed by any treaty now existing. between the government of the United States and the nation or country of which such alien is a citizen or subject, *and not otherwise.*"

It is alleged in the complaint that Satow is a subject of the emperor of Japan, born in the empire of Japan, of Japanese parents, and is also a resident of California. Satow is an alien, and he is ineligible to citizenship under the laws of the United States.   He is therefore one of the aliens who may not acquire, possess, enjoy, and transfer real property, or any interest therein, in this state, unless it is so provided in the treaty between this country and Japan.   Our attention has not been called to any provision in the treaty between this country and Japan providing that such an alien may acquire, possess, enjoy, and transfer real property, or any interest therein, in this state, other than to lease land for residential or commercial purposes.

[1] The remaining material question is:

"Is the ownership of 28 shares of the capital stock of the Merced Farm Company, a corporation organized under the laws of the state of California for agricultural purposes, such an interest in real property as to bring him within the prohibitory provisions of this act?"

It is alleged that said Merced Farm Company is a domestic corporation, authorized by its articles of incorporation to acquire, possess, enjoy, and convey agricultural land, and that the corporation is in fact the owner of approximately 2,200 acres of agricultural land situated in the county of Merced in this state. The land is not for leasing for residential or commercial purposes. We think the ownership of stock in such a corporation would be an interest in real property, which would bring the alien owner of such stock (who is ineligible to citizenship) within the prohibitory provisions of the act, and that under section 2 of the act the Attorney General is authorized by sections 7 and 8 of the act to institute proceedings to have the escheat of such interest in real property in the manner provided by section 474 of the Political Code · of this state, and that such proceedings would not be in violation of the treaty between the United States and Japan (37 Stat. 1504) or the Fourteenth Amendment of the Constitution of the United States.

SAWTELLE, District Judge.   [2] It is the unanimous opinion of this court that the plaintiffs herein are not entitled to injunctive relief and that their application for a temporary injunction should be denied; that the California statute here involved violates no provision of the Constitution of the United States, nor does it conflict with any provision or stipulation of the treaty between Japan and the United States.

We are entirely satisfied with the decision of the court in the recent cases of Terrace v. Thompson (D. C.) 274 Fed. 841, Porterfield v. Webb, Attorney General, et al. (D. C.) 279 Fed. 114, and O'Brien v.

Webb, Attorney General, et al. (D. C.) 279 Fed. 117, and believe the opinion in each of those cases is sound law and correctly interprets those provisions of the constitution and treaty here involved.

Plaintiffs' application for a temporary injunction will be denied, and an order will be entered accordingly.

MORROW, Circuit Judge, and DOOLING, District Judge, concur.